In re PROGRESSIVE WALL PAPER CORP.

JUSTIN v. PEOPLE'S NAT. BANK OF HUDSON FALLS.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 78.

Petition to Revise and Appeal from Order of the District Court of the United States for the Northern District of New York.

In the matter of the Progressive Wall Paper Corporation, bankrupt. A petition by Fred H. Justin, trustee, for an order requiring the People's National Bank of Hudson Falls to turn over certain bonds to him and to have such bonds adjudged invalid was denied, and the trustee appeals and files a petition to revise. Reversed, and order of the referee affirmed.

Weeds, Conway & Cotter, of Plattsburgh, N. Y. (Frank E. Smith, of New York City, of counsel), for appellant.

Luther A. Wait, of Saratoga Springs, N. Y. (Edgar T. Brackett, of Saratoga Springs, N. Y., of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The trustee of the bankrupt filed his petition, in which he alleged that the People's National Bank of Hudson Falls, N. Y., is a secured creditor of the bankrupt, holding a note for $5,000 made by the latter, dated September 13, 1914, and secured by a deposit of five bonds made by the bankrupt for $1,000 each; the bonds being secured by a mortgage upon all the real property of the bankrupt. He asks for a decree adjudging that the bonds are invalid, that they were transferred to the bank by the bankrupt, that they are not liens upon the real property of the bankrupt, and that the bank be ordered to return the bonds to him.

The facts are similar to those in Re Justin, 229 Fed. 489, —— C. C. A. ——, decided by this court at this term. Indeed, the two cases were argued and submitted together. The only difference in the facts is that in this case there are only five bonds, of $1,000 each, involved, while in that there were seven. The facts, therefore, need not be set forth, and it is sufficient to say that the decision in that case is equally applicable to this.

The order of the District Judge is reversed, and that made by the referee is affirmed.

LACOMBE, Circuit Judge. I am unable to concur with the majority of the court. My individual conclusions are sufficiently expressed in the following excerpts from the opinion of Judge Ray.

"It cannot be doubted that if the Progressive Wall Paper Corporation, finding itself unable longer to secure the indorsement of Wing, and through it a renewal of its note at the bank, had executed a new note indorsed by Cunningham, Derby, and Ingalsbe for the same amount and due three or six months later, and had presented same at the bank for discount to obtain money to take up the old note, and had been refused on account of the insufficiency of the security of the indorsers, and the corporation had thereupon

pledged $7,000 of its mortgage bonds as additional security for the payment of such note, and had thereupon secured the discount of such note at the bank, and had the proceeds of such note passed to its credit, and thereupon had given its check to the bank in payment of the old note, and had thus secured a surrender of the old note, that the transaction would have been legal and binding, and that the issue of such bonds by so pledging them to the bank would have been legal, proper, and binding under the statute. Can it make any difference that this formality was not gone through with to the end, that the old note might be taken up and a further credit for the same amount obtained at the same bank? The result, so far as the corporation and its creditors are concerned, is precisely the same. Through the transaction as it actually occurred there was no violation of the true spirit and intent of the statute."

Since the collateral is not to be sold at less than par, the double indebtedness, about which much is said in the briefs, cannot be created. See First Savings & Trust Company v. Waukesha Canning Company (C. C. A. Seventh Circuit) 211 Fed. 927, 128 C. C. A. 305.

The statute contains a very wholesome provision, and it should, of course, be interpreted so as to give effect to that provision; but to me it seems like sticking in the bark of literal construction to hold it applicable to this cause as it is presented on this record.